IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | | |
|---|---|---|
| FERNANDO GUTIERREZ-PONCE and JARAD WILLIAMS-MILLER, Individually and On Behalf of All Others Similarly Situated, | § § § § § | Civil Action No. |
| Plaintiffs, | § | 2:18-CV-786 |
| v. | § § § | |
| FTS INTERNATIONAL SERVICES, LLC, | § § § § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Fernando Gutierrez-Ponce and Jarad Williams-Miller ("Named Plaintiffs") on behalf of themselves and all others similarly situated ("Class Members" herein) (Named Plaintiffs and Class Members are collectively referred to herein as "Plaintiffs") bring this wage theft suit against the above-named Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended and the New Mexico Minimum Wage Act ("NM Wage Act"), N.M. STAT. § 50-4-19, *et seq.*  Named Plaintiffs shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not

less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Likewise, the NM Wage Act requires that employees who work more than forty hours in a week be paid one and one-half their regular hourly rate for hours worked in excess of forty hours. N.M. STAT. § 50-4-22.

3. Defendant FTS International Service, LLC ("Defendant") has violated the FLSA and the NM Wage Act by failing to pay its frac operators in accordance with the guarantees and protections of the FLSA and the NM Wage Act. Defendant has failed and refused to pay its operators at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek. It has done so by paying Plaintiffs at only straight-time rates for certain overtime hours. More specifically, Defendant has knowingly paid Plaintiffs at straight-time, and not at time and a half, for all travel time, regardless of the number of hours Plaintiffs work during any workweek. In addition, Defendant knowingly and routinely designates on-site work time as "travel time" and then pay only straight time for that time, resulting in an underpayment of overtime. As a result, Defendant has not paid Named Plaintiffs and Class Members for all overtime hours they have worked at a rate not less than time and one-half their regular rates of pay. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendant's compensation policies, Named Plaintiffs bring this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and as an opt-out class action under Federal Rule of Civil Procedure 23.

## II. PARTIES

4. Named Plaintiff Fernando Gutierrez-Ponce is an individual who resides in Maricopa County, Arizona and has been employed by Defendant within the meaning of the FLSA. Named Plaintiff

Gutierrez-Ponce has been employed by Defendant from February 2018 to the present. He has consented to be a party-plaintiff in this action. His signed consent form is attached hereto as "Exhibit A."

5. Named Plaintiff Jarad Williams-Miller is an individual who resides in Tarrant County, Texas and has been employed by Defendant within the meaning of the FLSA. Named Plaintiff Williams-Miller was employed by Defendant from 2012 until July 13, 2018. He has consented to be a party-plaintiff in this action. His signed consent form is attached hereto as "Exhibit B."

6. The Named Plaintiffs and Class Members are Defendant's current and former frac operators who have not been paid at a rate not less than one and one-half their regular rates of pay for all overtime hours.

7. Defendant FTS International Services, LLC is a Texas limited liability company that is doing business in New Mexico. Defendant may be served with process in this action by service upon its registered agent for service, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' NM Wage Act claims form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental

jurisdiction over Plaintiffs' NM Wage Act claims pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

9. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Lea County, New Mexico, which is in this District and Division. Named Plaintiffs were employees of Defendant, and they have performed work for Defendant, in and around Lea County, New Mexico. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Class Members.

11. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

At all times hereinafter mentioned, Named Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. COVERAGE UNDER THE NM WAGE ACT

14. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 50-4-21(B) of the NM Wage Act.

15. At all times hereinafter mentioned, Named Plaintiffs and the NM Class Members (defined below) were individual "employees" within the meaning of Section 50-4-21(C) of the NM Wage Act, and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 50-4-21(A) of the NM Wage Act.

## VI. FACTUAL ALLEGATIONS

16. Defendant provides hydraulic fracturing and wireline services to oil companies working in major shale basins across the United States.

17. Named Plaintiffs has worked as an operator for Defendant from February 2018 to the present.

18. In the performance of their work, Plaintiffs handle tools, equipment, and other materials that were manufactured outside of the State of New Mexico.

19. Named Plaintiffs were employed by Defendant as operators at Defendant's worksites in and around the Permian Basin in New Mexico. The Class Member employees are and have been employed in all of the Defendant's locations.

   A. **The Class Members Are Non-Exempt Employees.**

20. Defendant classified Plaintiffs and the Class Members as "non-exempt" from the overtime

protections of the FLSA and NM Wage Act.

21. For all times relevant to this action, as operators, the Plaintiffs' primary job duty for the Defendant has been the performance of manual, non-management work. The Plaintiffs' primary job duty is not the performance of office, or non-manual work directly related to Defendant's management or general business operations, or those of its customers.

22. Rather, Plaintiffs spend most of their time performing manual tasks outside at jobsites in the oilfield.

23. The daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendant. Virtually every job function was predetermined by Defendant, including the data to compile and schedule of work and related work duties. The Plaintiffs were prohibited from varying their job duties outside of the predetermined parameters.

24. Plaintiffs did not direct the work of two or more employees at any time during their employment. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

25. Plaintiffs did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; and they do not perform work in a recognized field of artistic or creative endeavor.

26. Defendant did not pay Named Plaintiffs or Class Members on a salary or a fee basis pursuant to 29 C.F.R. §541.600. Instead, Defendant paid Named Plaintiffs and Class Members an hourly wage.

**B. Defendant Paid Plaintiffs Straight Time for Their Overtime Hours by Incorrectly Classifying Their Work Time as "Travel Time."**

27. Named Plaintiffs and Class Members worked long hours. For example, during the two-week pay period May 27, 2018 through June 9, 2018, Defendant paid both Named Plaintiff Gutierrez-Ponce and Named Plaintiff Williams-Miller for 181.5 hours each, or an average of 90.75 hours for each of those two weeks. Thus, during all times relevant to this action, in weeks in which they perform work for Defendant, Plaintiffs typically worked more than forty hours per week, and they often worked very long hours and much more than forty hours in a week.

28. However, Defendant did not pay Named Plaintiffs and Class Members at a rate of not less than one and one-half their regular rates of pay for all hours that they worked in excess of 40 hours in a week for the Defendant. Specifically, Defendant paid only straight time pay for Plaintiffs' travel time, regardless of the number of hours per week the Plaintiffs had work.

29. Moreover, Defendant knowingly and routinely allocated as "travel time" hours Plaintiffs spent at the worksite performing work for Defendant. For example, depending on traffic, the Plaintiffs' actual round-trip travel time between the man camp in Jal, New Mexico and the jobsite each day was from 50 minutes to 1 hour and 20 minutes. However, Defendant unilaterally allocated 2 hours and 30 minutes each day as "travel time." The extra amount allocated as "travel time" was time Plaintiffs spent at the worksite performing work for Defendant.

30. Defendant paid Plaintiffs only at straight-time rates for all time that it allocated as "travel time," regardless of the number of hours the Plaintiffs worked in a given week. Thus, using the example above, during each workday, Defendant allocated as "travel time" up to 1 hour and 40 minutes per day, or up to 11 hours and 40 minutes per week, more than the Plaintiffs were actually travelling to and from the man camp. During this extra time allocated as "travel time," Plaintiffs were at the

worksite performing work for Defendant. Thus, during each workweek, Defendant routinely paid Plaintiffs only straight-time for overtime hours worked.

31. Defendant provided vehicles for Plaintiffs to drive to and from the jobsites. For example, Defendant provided Named Plaintiffs a 15-passenger General Motors Econoline van. The Plaintiffs drove these vehicles with no trailer of any kind attached. The motor vehicles that Defendant provided to Named Plaintiffs and Class Members to drive had a gross vehicle weight rating (GVWR) of 10,000 pounds or less.

32. Attached hereto as Exhibit "C" is a true and correct copy of a photograph of the placard affixed to the vehicle that Defendant provided to Named Plaintiff Gutierrez-Ponce.

33. Named Plaintiffs and Class Members operated vehicles with a GVWR of 10,000 pounds or less during every workweek during their employment with Defendant.

34. Defendant had a policy and practice of failing and refusing to pay Named Plaintiffs and Class Members straight time for overtime hours worked.

35. Defendant did and does pay Named Plaintiffs and Class Members at a rate of one-and-one-half times their regular rates of pay for some overtime hours; but it routinely does not pay Named Plaintiffs and Class Members at a rate of one-and-one-half times their regular rates of pay for all overtime hours they work.

36. Defendant has employed and is employing other employees who have performed the same or similar job duties under the same pay provisions as Named Plaintiffs, in that they have performed, or are performing, non-exempt work, have consistently worked in excess of forty hours in a workweek, but have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all overtime hours worked.

37. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry

out, its illegal pattern or practice of failing to pay overtime compensation to Named Plaintiffs and the Class Members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

38. Named Plaintiffs seek conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

> **All current and former frac operators of Defendant who were paid straight-time for overtime in the last three years.**

39. Named Plaintiffs and the FLSA Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of non-exempt employees on Defendant's worksites, including worksites in Texas and New Mexico. Further, Named Plaintiffs and the FLSA Class Members were subjected to the same pay provisions in that they were all paid on an hourly basis but were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek, as specifically discussed above.

40. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice paying its employees at straight-time for some of their overtime. This policy or practice is applicable to the Named Plaintiffs and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiffs also applied to all FLSA Class Members.

## VIII. NM WAGE ACT RULE 23 CLASS ALLEGATIONS

41. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs, individually and on behalf of all other similarly situated employees, pursue NM Wage Act claims against Defendant.

42. Named Plaintiffs seek certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "NM Class Members") as follows:

> **All current and former frac operators of Defendant who were paid straight-time for overtime, and who worked for Defendant in New Mexico in at least one workweek in the last three years.**

43. Named Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a class basis challenging Defendant's practice of knowingly permitting its non-exempt employees to work more than forty hours per week but failing to pay Named Plaintiffs and other similarly situated employees one and one-half times their regular hourly rate of pay for all hours worked over forty in a week.

44. Named Plaintiffs and the NM Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of non-exempt employees on Defendant's worksites in New Mexico. Further, Named Plaintiffs and the NM Class Members were subjected to the same pay provisions in that they were all paid on an hourly basis but were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek, as specifically discussed above.

45. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the NM Wage Act results from a policy or practice of paying its non-exempt employees at straight-time rates for overtime hours. This policy or practice is applicable to the Named Plaintiffs and all NM Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiffs also applied to all NM Class Members.

46. Therefore, throughout the relevant period, Defendant knew that Named Plaintiffs and NM Class Members were not being properly compensated for all of their hours worked.

47. Defendant maintained common work, time, and pay policies and procedures throughout its New Mexico locations. As a result, Named Plaintiffs and NM Class Members are similarly situated regardless of their location and have been regularly deprived of pay for workweeks during which they worked more than forty hours.

48. Plaintiffs' NM Wage Act claims against Defendant satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements for the certification of a class action under Federal Rule of Civil Procedure 23.

49. **Numerosity.** The class satisfies the numerosity standard as it is believed that there are at least 100 NM Class Members. Consequently, joinder of all NM Class Members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendant.

50. **Commonality.** There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a) Whether Defendant violated the NM Wage Act by failing to pay the NM Class Members overtime compensation for their work hours;

    b) Whether Defendant violated the NM Wage Act by classifying work time as "travel time" and thus paying the NM Class Members straight time rate for that work;

    c) Whether Defendant's violation of the NM Wage Act constituted a continuing course of conduct; and

    d) The proper measure of damages sustained by the NM Class Members.

51. **Typicality**. Named Plaintiffs' claims are typical of those of the class because Named Plaintiffs' claims arise from the same course of conduct and legal theories as the claims of the prospective NM Class Members. Like the NM Class Members, the Named Plaintiffs worked as non-exempt employees on Defendant's New Mexico jobsites. Like the NM Class Members, Named Plaintiffs regularly worked in excess of forty hours per week. Like the NM Class Members, Named Plaintiffs were not compensated for at proper overtime rates for all overtime hours worked. The other facts outlined above likewise apply equally to both Named Plaintiffs and the NM Class Members.

52. **Adequacy**. Named Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the NM Class Members they seek to represent. The interests of the members of the class will be fairly and adequately protected by Named Plaintiffs and the undersigned counsel, who have experience in employment and class action lawsuits.

53. **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation of many of these claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendant. A single class action can determine the rights of all NM Class Members in conformity with the interest of efficiency and judicial economy.

### VII. CAUSE OF ACTION ONE:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

54. During the relevant period, Defendant violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees, including Named Plaintiffs and the FLSA Class Members, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed.  Defendant has acted willfully in failing to pay Named Plaintiffs and the Class Members in accordance with applicable law.

### VIII. CAUSE OF ACTION TWO:  FAILURE TO PAY WAGES IN ACCORDANCE WITH NEW MEXICO MINIMUM WAGE ACT

55. During the relevant period, Defendant violated the New Mexico Minimum Wage Act, N.M. STAT. § 50-4-22 (West 2018), by employing employees, including Named Plaintiffs and the NM Class Members, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular hourly rate.  Defendant's violation of New Mexico Minimum Wage Act occurred as part of a continuing course of conduct.

### IX. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiffs pray for judgment against Defendant as follows:

a. For an expedited Order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and individually, and on behalf of any and all such class members.

b.  For an Order certifying the NM Wage Law claims as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Named Plaintiffs as Class Representatives under applicable NM law, and for designation of Plaintiff's counsel as class counsel;

c.  For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs (and those who may join the suit);

d.  For an Order awarding Named Plaintiffs and the NM Class Members damages pursuant to N.M. Stat. 50-4-26;

e.  For an Order awarding Named Plaintiffs and the NM Class Members damages for all violations, regardless of the date on which they occurred, as a result of Defendants' continued course of conduct pursuant to N.M. Stat. Ann. 50-4-32;

f.  For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

g.  For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees; and

h.  For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

i.  For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

j.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND LAW FIRM, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Daniel A. Verrett*
Daniel A. Verrett
Texas State Bar No. 24075220
daniel@morelandlaw.com

Edmond S. Moreland, Jr.
State Bar No. 24002644
Application for Admission to D.N.M. *pending*
edmond@morelandlaw.com
700 West Summit Drive
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 – telecopier

**ATTORNEYS FOR PLAINTIFFS**