# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**FERNANDO GUTIERREZ-PONCE,**
**and JARAD WILLIAMS-MILLER,**

    **Plaintiffs,**

**v.**                                                                                                  **No. 18-cv-0786 WJ/SMV**

**FTS INTERNATIONAL SERVICES, LLC,**

    **Defendant.**

## SCHEDULING ORDER

THIS MATTER is before the Court on a telephonic Rule 16 scheduling conference held on January 16, 2019. The parties' Joint Status Report and Provisional Discovery Plan [Doc. 28] is adopted, except as modified below. The Court will permit discovery as follows:

1.     25 Interrogatories by each party to any other party;

2.     25 Requests for Production by each party to any other party;

3.     No limit on the number of Requests for Admission served by each party at this time;[1]

4.     5 depositions per side;

5.     Depositions limited to 4 hours on the record unless extended by agreement of the parties, except depositions of parties and experts, which are limited to 7 hours on the record unless extended by agreement of the parties.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this

---

[1] Requests for Admission are subject to the deadline for termination of discovery.

case is assigned to a **"standard" (150-day)** track classification. The Court sets the following case management deadlines:

| | |
|---|---|
| Plaintiff[2] moves to amend the pleadings or join additional parties by[3]: | **February 27, 2019** |
| Defendant moves to amend the pleadings or join additional parties by[3]: | **March 13, 2019** |
| Plaintiff discloses experts and provides expert reports or summary disclosures by[4]: | **April 16, 2019** |
| Defendant discloses experts and provides expert reports or summary disclosures by[4]: | **May 16, 2019** |
| Termination of discovery: | **June 17, 2019** |
| Motions relating to discovery filed by[5]: | **July 8, 2019** |
| Pretrial motions other than discovery motions filed by: | **July 18, 2019** |
| Proposed Pretrial Order due from Plaintiff to Defendant by: | **September 3, 2019** |
| Proposed Pretrial Order due from Defendant to Court by[6]: | **September 16, 2019** |

---

[2] Herein, the terms "Plaintiff" and "Defendant" encompass both singular and plural meanings.
[3] Amendment must comply with Fed. R. Civ. P. 15(a).
[4] The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b).
[5] *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. The discovery motions deadline does not extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).
[6] The Proposed Pretrial Order must provide that no witnesses, except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than 30 days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

Discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. Discovery must be completed on or before the discovery deadline. Accordingly, service of written discovery is timely only if the responses are due prior to the discovery deadline. A notice to take deposition is timely only if the deposition takes place prior to the discovery deadline. The pendency of dispositive motions does not stay discovery.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**